UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                    Case No. 14-59311

MAURICE M. GORGES,                                                          Chapter 13

         Debtor.                                                                       Judge Thomas J. Tucker
_____/

## OPINION AND ORDER REGARDING THE HUNTINGTON NATIONAL BANK'S MOTION TO SET ASIDE ORDER GRANTING DEBTOR'S REQUEST FOR VOLUNTARY DISMISSAL OF CHAPTER 13 CASE

This case is before the Court on a motion by the creditor The Huntington National Bank ("Huntington"), entitled "The Huntington National Bank's Motion to Set Aside Order Granting Debtor's Request for Voluntary Dismissal of Chapter 13 Case" (Docket # 50, the "Motion").[1] The Motion seeks an order (1) setting aside the Court's order, filed on March 4, 2015, granting a motion by Debtor to voluntarily dismiss this Chapter 13 case and dismissing this case (Docket # 43, the "Dismissal Order"); (2) converting this Chapter 13 case to Chapter 7; and (3) "awarding sanctions in favor of Huntington and against the Debtor and his counsel" based on Debtor's alleged filing of this bankruptcy case in bad faith and for an improper purpose.[2]

---

[1] The Motion amends and supercedes the motion filed at Docket # 46. The Court considers the exhibits that were attached to the motion filed at Docket # 46 to be exhibits to the Motion (Docket # 50), even though they were not attached to the corrected Motion.

[2] Huntington alleges that Debtor and Debtor's attorney filed this bankruptcy case for the sole purpose of hindering and delaying Huntington's eviction of Debtors from their former residence located at 13248 Maplelawn Dr., Shelby Twp., MI 48315 (the "Property"), and that while Debtor was in possession of the Property, the Property sustained in excess of $150,000.00 in damages. (*See* Mot. at ¶¶ 7-8, 12.) According to Huntington, this conduct justifies sanctions under Fed. R. Bankr. P. 9011. This Court has jurisdiction to award sanctions even after dismissal of the case. *See In re Williams*, 435 B.R. 552, 554, 560 (N.D. Ill. 2010)(citations omitted)(holding that the debtor had an absolute right to voluntarily dismiss her bankruptcy case under § 1307(b) but that "[a]pplying § 1307(b) according to its terms does not grant Chapter 13 debtors immunity for misconduct—bad faith conduct is subject to a range of judicial sanctions after dismissal, and in some instances can be the basis for a criminal prosecution"). Filing a petition with no legitimate purpose can be the basis of an award of sanctions

The Court construes the Motion as a motion for reconsideration of the Dismissal Order; a motion for relief from the Dismissal Order under Fed. R. Civ. P. 60(b);[3] and a timely motion to alter or amend the Dismissal Order under Fed. R. Civ. P. 59(e).[4]

The Court concludes that a hearing on the Motion is not necessary in order for the Court to enter the following Order.

First, the Court will deny the Motion, to the extent it seeks reconsideration of and/or relief from the Dismissal Order and reinstatement of the case followed by conversion of the case from Chapter 13 to Chapter 7. This is because the Debtor had an absolute right to voluntarily

---

under Fed. R. Bankr. P. 9011 or § 105(a), or the Court's inherent authority. *See In re Mehlhouse*, 469 B.R. 694, 709-11 (Bankr. E.D. Mich. 2012); *see also Gaudet v. Kirshenbaum Inv. Co.* (*In re Gaudet*), 132 B.R. 670, 674 (D.R.I. 1991)("Bankruptcy Rule 9011(a) permits the Bankruptcy Court to impose sanctions against a party and/or attorney responsible for filing petitions or other papers for improper purposes.").

[3] Fed. R. Bankr. P. 9024, except as provided in that rule, makes Fed. R. Civ. P. 60(b) applicable to cases under the Bankruptcy Code.

[4] Fed. R. Bankr. P. 9023, except as provided in that rule, makes Fed. R. Civ. P. 59(e) applicable to cases under the Bankruptcy Code. In *Cusano v. Klein* (*In re Cusano*), 431 B.R. 726, 734 (B.A.P. 6th Cir. 2010)(citations omitted), the court explained why altering and amending an order granting a debtor's motion to voluntarily dismiss his or her bankruptcy case under § 1307(b) is appropriate: "Relief under Rule 59(e) [is] also appropriate given that motions to dismiss under 11 U.S.C. § 1307(b) are not automatically contested matters requiring notice and hearing." In *Cusano*, the court affirmed an order of the bankruptcy court altering and amending the order voluntarily dismissing the debtor's bankruptcy case to bar "the [d]ebtor from refiling for Chapter 13 protection for two years, and [to order] that any future filing have no impact or interference, through the automatic stay or otherwise, upon any matters arising from or relating to the litigation in the United States District Court for the Central District of California, or any appeal arising from that litigation." *Id.* at 733. "The [bankruptcy] court [had] concluded that, while the [d]ebtor had a right to dismiss his petition pursuant to 11 U.S.C. § 1307(b), he had acted, and continued to act, in bad faith and that ample cause existed to impose conditions with the dismissal." *Id.*; *see also In re Dental Profile, Inc.*, 446 B.R. 885, 890 (Bankr. N.D. Ill. 2011)(citations omitted)("Despite the dismissal of the underlying bankruptcy case, the Court may retain jurisdiction to consider collateral issues, such as the imposition of sanctions.").

2

dismiss this case upon request, under 11 U.S.C. § 1307(b).[5]

Second, and for good and sufficient cause shown, the Court will: (1) grant the Motion in part, to the extent it seeks to alter or amend the Dismissal Order; and (2) order further proceedings on Huntington's request for sanctions.

IT IS ORDERED that:

1. The Motion (Docket # 50) is granted to the extent of the relief provided in this Order below,

---

[5] There is a split of authority on this point of law, but this Court agrees with those cases holding that a Chapter 13 debtor's right to voluntarily dismiss the case is absolute. *See Barbieri v. RAJ Acquisition Corp.* (*In re Barbieri*), 199 F.3d 616, 618-19 (2d Cir.1999)(citations omitted)(holding that the debtor had an absolute right to dismiss her Chapter 13 bankruptcy case, and reasoning that "[s]ection 1307(b) unambiguously requires that if a debtor 'at any time' moves to dismiss a case that has not previously been converted, the court 'shall' dismiss the action" and that "[t]he term 'shall,' as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court"); *Procell v. United States Trustee*, 467 B.R. 297 (S.D.N.Y. 2012)(same); 8 *Collier on Bankruptcy* ¶ 1307.03[1], at 1307-8 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014)(footnote omitted)("Although some courts have . . . granted motions to convert a case notwithstanding a debtor's motion to dismiss in cases in which the court has found abuse, such decisions contradict the plain language of the statute as well as its purpose."); *but see* Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy 4th Edition,* § 330.1, at ¶¶ [1]-[10], Sec. Rev. June 16, 2004, www.Ch13online.com (cases updated Jan. 1, 2015)(citing cases)(stating that "[t]he U.S. Court of Appeals for the Second Circuit [in *Barbieri*] has forcefully described § 1307(b) as conferring on Chapter 13 debtors an absolute right to voluntarily dismiss" and that "[t]he legislative history to § 1307 confirms that Congress intended to grant debtors an absolute right to dismiss a Chapter 13 case at any time" but that [n]otwithstanding the absolute language in § 1307(b), some courts have hedged the debtor's right of voluntary dismissal); *In re Jacobsen*, 609 F.3d 647, 649 (5th Cir. 2010)("Although the plain language of 11 U.S.C. § 1307(b) can be read to confer an absolute right to dismiss, the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007), compels us to hold that the right to dismiss under 11 U.S.C. § 1307(b) is subject to a limited exception for bad-faith conduct or abuse of the bankruptcy process[.]"); *Rosson v. Fitzgerald* (*In re Rosson*), 545 F.3d 764, 773-74 (9th Cir. 2008)(citations omitted)("[I]n light of *Marrama*, we hold that the debtor's right of voluntary dismissal under § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct or "to prevent an abuse of process."); *Molitor v. Eidson* (*In re Molitor*), 76 F.3d, 218, 219-221 (8th Cir. 1996)(affirming the district court order affirming the bankruptcy court's order denying the Debtor's motion to voluntarily dismiss his Chapter 13 case and subsequent order granting the creditor's motion to convert the debtor's Chapter 13 case to Chapter 7, reasoning that "[t]o allow [the debtor] to respond to a motion to convert by voluntarily dismissing his case with impunity would render section 1307(c) a dead letter and open up the bankruptcy courts to a myriad of potential abuses").

and otherwise is denied.

2. Specifically, the Motion is denied, to the extent it seeks reconsideration of and/or relief from the Dismissal Order, and reinstatement of the case, followed by conversion of the case from Chapter 13 to Chapter 7. This bankruptcy case will remain dismissed.[6]

3. The Motion is granted, to the extent it seeks to amend the Dismissal Order under Fed. R. Civ. P. 59(e), to the following extent: The Court now amends the Dismissal Order (Docket # 43) to add the following language:

> IT IS FURTHER ORDERED that notwithstanding the dismissal of this case, the Court retains jurisdiction to hear and rule on the aspects of the motion filed by the Huntington National Bank (Docket # 50) that seek sanctions against the Debtor and his attorney, Stuart Sandweiss.

4. All aspects of the Motion seeking sanctions (except conversion of this case to Chapter 7) remain pending for further proceedings. Such further proceedings include the following:

   a. No later than April 3, 2015, the Debtor and the Debtor's attorney, Stuart Sandweiss, each must file a written response to the Motion.

   b. No later than April 17, 2015, Huntington may file a reply brief in response to any response filed by Debtor and/or Debtor's attorney.

   c. The Court will hold a non-evidentiary hearing on the sanctions aspects of the Motion, on **April 30, 2015 at 3:00 p.m.**

   d. If either the Debtor or the Debtor's attorney fails to file a timely response to the Motion, Huntington may file a certificate of non-response and submit a proposed order granting

---

[6] The Court notes that in this case, the Debtor, having exercised his right to voluntarily dismiss this Chapter 13 case, has made himself ineligible to be a debtor in any bankruptcy case for 180 days, under 11 U.S.C. § 109(g)(2). Section 109(g)(2) provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Debtor voluntarily dismissed this case after Huntington filed a motion for relief from stay (which motion was granted).

4

appropriate relief against the non-responding party.

**Signed on March 20, 2015**          **/s/ Thomas J. Tucker**
                                                                                        **Thomas J. Tucker**
                                                                                          **United States Bankruptcy Judge**